United States Bankruptcy Court
Southern District of Florida
Fort Lauderdale Division


In Re: Stephen Martin Sadkin,                          Case No. 08-27057
                Debtor.
_____/
Fickle, Ltd.,
a Nevada Limited Partnership,
LKC Corporation, and
Frank Alter,
             Plaintiffs,                          Adv. Case No._____
vs.

Stephen Martin Sadkin,


             Defendants.
_____/

### Complaint for declaration of non-dischargeability of debts

       Plaintiffs sue the Defendant for a declaration of non-dischargeability of debts
and say:

### VENUE AND JURISDICTION

1.     Frank Alter, is a person over the age of 21 and is sui juris. Frank Alter is a
       resident of Miami-Dade County, Florida. Frank Alter is a principal in Fickle,
       Ltd..

2.     Fickle Limited Partnership is a Nevada limited partnership which does
       business in Florida.

3.     LKC Corp is a Florida Corporation that is affiliated with Fickle and the Alter
       family interests.

4.     This Court has jurisdiction over the parties and the subject matter of this action
       by virtue of the filing of a voluntary petition in bankruptcy by the Debtor.

5.     Venue is proper in this Court.

6.     On occasion, Plaintiffs and their affiliates extended certain loans and financial accommodations to the Debtor and his affiliates in certain real estate ventures throughout the State of Florida.

## COUNT I
### The Golf Course Dealings - LKC

Plaintiff realleges paragraphs 1-6 as if specifically set forth in this Count One.

7.     Indian River Fairways, LLC ("IRF") is a Florida limited liability company. The Debtor, Sadkin, was a member of IRF and its affiliated companies including a developer known as Indian River No. 1 Developers, LLC, ("IRD") which was the owner and developer of a multi-phase residential community known as "Aquarina" being developed in the Melbourne, Florida area.  Sadkin was the Managing Member of IRD.

8.     IRF was an affiliated company of IRD and was the owner and developer of the golf course operations at Aquarina. Sadkin was an insider of both entities.

9.     In 2005, LKC Corp., was requested by IRF, IRD and Sadkin to extend a financial accommodation to the requestors.

10.    The transaction took the form of a purchase by LKC of a majority interest in the Aquarina Golf Course and Country Club with a re-purchase agreement.

11.    Debtor/Defendant represented as a material provision of that transaction that IRF as Buyer under that certain Amendment to Deposit Receipt and Contract for the Purchase and Sale dated March 14, 2005, had placed a $200,000 deposit for the re-purchase into escrow. Both Plaintiff and Defendant have copies of the Contracts and it would serve no purpose to attach them here.

12.    At the time of that certain Second amendment to Deposit Receipt and Contract for the Purchase and Sale, in December, 2005, the time for the closing was extended and the representation concerning the deposit was repeated by the Debtor.  Both Plaintiff and Defendant have copies of the Contracts and it would serve no purpose to attach them here.

13.    At the time of that certain Third Amendment to Deposit Receipt and Contract

for the Purchase and Sale, in January, 2006, the time for the closing was again extended and the representation concerning the deposit was repeated by IRF with the knowledge and consent of the Debtor. Both Plaintiff and Defendant have copies of the Contracts and it would serve no purpose to attach them here.

14.     Simultaneously therewith, in January, 2007, the Debtor executed an inducement agreement which verified under oath that the Contract for Purchase and Sale was valid and enforceable and that there was a $200,000 deposit under the agreement being held by the escrow agent. Both Plaintiff and Defendant have copies of the Contracts and it would serve no purpose to attach them here.

15.     The Debtor knew that there was no deposit being held by the escrow agent and that other material representations of the inducement agreement were false.

16.     The Debtor knew that LKC Corp., was relying upon the representation of the existence of the deposit to make the financial accommodation in the first instance and was relying upon the existence of the deposit when extending the purchase date each time.

17.     The Debtor intended for LKC Corp., to rely on this representation.

18.     LKC Corp., actually relied to its detriment on this repeated representation.

19.     IRF failed to close under the Golf Course Contract and upon demand for the escrow deposit, LKC was informed that there never was such a deposit.

20.     This debt should be declared non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) & (a)(2)(B).

*Wherefore* Plaintiff, LKC Corporation demands an award of damages against the Defendant , an award of costs, a declaration that the debt is non-dischargeable and any other or further relief that may be justified in the circumstances.

## COUNT II
### The Golf Course Dealings - Fickle, Ltd.

Plaintiff, Fickle, Ltd., realleges paragraphs 1-8 as if specifically set forth in this

Count Two.

21.   Plaintiff, Fickle, Ltd., was asked to extend a loan to IRF and IRD or for use in the Aquarina Development in or about late 2006 or early 2007.

22.   IRF and the Debtor requested an advance/extension of funds on an expedited basis for use in the development of Aquarina. The transaction took the form of a sale of a tenants in common interest in the Golf Course by Fickle, Ltd.

23.   In order to accommodate this request, the Debtor was requested to make certain important representations and warranties which were expressly intended by the parties to relieve the need for due diligence with regard to the subject matter thereof.  These representations and warranties go to the essence of the ability of IRF to repay the investment and to secure the position of the Plaintiff, Fickle in the property and its attributes.

24.   A certain inducement agreement was prepared to reflect these conditions and it was sent to the Debtor's counsel, Robert Frazier.  Both Plaintiff and Defendant have copies of the Contracts and it would serve no purpose to attach them here.

25.   The Debtor had intimate and specialized knowledge with regard to the real estate development owned by IRF.

26.   The Debtor or others acting on his behalf made changes to certain parts of the inducement agreement, thereby giving increased assurance that the other parts were true and correct.

27.   The Debtor signed the inducement agreement and caused or allowed it to be delivered to the Plaintiff, Fickle, specifically representing as a material inducement that:

   a.   Pursuant to paragraph "1c" of the inducement agreement, there was a $200,000 deposit placed in escrow on account of that certain agreement whereby IRF would purchase the golf course in early 2008;

   b.   Pursuant to paragraph "1s"of the inducement agreement, that all real estate taxes and personal property taxes on The Property were paid for

2006 and all prior years;

    c.    Pursuant to paragraphs "1e & f" of the inducement agreement, that the Golf Course was paying all of its bills on a regular basis and was sustaining itself from its own revenues; and

    d.    Pursuant to paragraph "1o" of the inducement agreement, that there were no title defects.

28.    Fickle, Ltd., has recently learned that the inducement agreement was false in several essential aspects. Specifically: The real estate and personal property taxes were not paid for 2006 and all prior years; the deposit associated with the purchase contract was not then in place; the Golf Course was not paying its bills in the ordinary course and was not self sustaining; and there were title defects which should have been known to the Debtor.

29.    The Debtor knew or should have known about the falsity of the foregoing representations.

30.    The Debtor knew that Fickle, Ltd. was relying on these representations and the accuracy of the information contained in the inducement agreement and intended for Fickle to rely thereon.

31.    In the absence of Debtor's execution and delivery of the inducement agreement, Fickle, Ltd. would not have made the financial accommodations requested by IRF.

32.    As the direct result of the falsity of the inducement agreement, Fickle, Ltd. has suffered monetary damages in the form of the loss of all or a part of its investment of funds, the payment of real estate taxes that were warranted as paid, the placement of a judgment lien for unpaid services rendered to the golf course against The Property, the shut down of operations, deterioration of the golf course grounds and increased costs as the result of title defects. Fickle will continue to suffer the impairment of the collateral and an incomplete title.

33.    This debt should be declared non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) & (a)(2)(B).

*Wherefore* Plaintiffs demand an award of damages against the Defendant , an award of costs, a declaration that the debt is non-dischargeable  and any other or further relief that may be justified in the circumstances.

## COUNT III
## Alter - Birchwood/Boynton project

Plaintiffs reallege paragraphs 1-6 as if specifically set forth in this Count Three.

34.    In connection with the on-going relationship between Plaintiffs and Defendant, the Debtor requested a personal loan.

35.    In connection with this $175,000 loan, the Debtor promised to provide a collateral interest in his real estate project known as "Birchwood/Boynton" for the benefit of Frank Alter, as lender.

36.    The Debtor was a managing member in Birchwood/Boynton, LLC and other affiliated companies.

37.    The Debtor signed and delivered to Frank Alter a "Pledge Agreement" and an Amended Pledge Agreement, whereby Sadkin's interest in a development known as "Birchwood/Boynton" would be taken and held by an escrow agent to secure this loan. Both Plaintiff and Defendant have copies of these contracts and it would serve no purpose to attach them here.

38.    The Debtor/Defendant assured Frank Alter that the Pledge Agreement was proper in all respects and that it was properly executed and performed such that Frank Alter would have and (in the event of default) be able to control Sadkin's interest in this development and that the interest would stand as collateral for the repayment of the debt.

39.    The Debtor defrauded Frank Alter as he never delivered the ownership interest to the escrow agent and/or deceived Frank Alter by pledging the wrong equity interest or otherwise defrauded Frank Alter by manipulating the documents or company assets such that he, the Debtor, was able to secretly sell the interest intended and represented to be pledged as collateral without paying the debt thereon.

40.    Having sold his interest, which he knew was pledged to Frank Alter, the Debtor had a fiduciary duty to hold, protect and preserve the proceeds for the benefit of Frank Alter.  Instead the Debtor spent the proceeds for his own benefit.

41.    The Debtor failed to inform Frank Alter that the interest had been sold and continued to deceive him by making partial or interest only payments for an extended time period after he liquidated his interest.  Until early 2008, the Debtor continued to promise to "pay-off" this debt but failed to inform the Plaintiff that the interest was liquidated.

42.    Frank Alter was not re-paid the last $95,000 of the principal of this loan.

43.    This debt should be declared non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A) & (a)(2)(B) and (a)(4).

   *Wherefore* Plaintiffs demand a declaration that this debt is non-dischargeable, an award of costs and any other or further relief that may be justified in the circumstances.

I HEREBY CERTIFY that I am admitted to Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090(a).

   Dated this 9th day of February, 2009.

                    LAW OFFICES OF SCOTT ALAN ORTH, P.A.
                    9999 Northeast Second Avenue #204
                    Miami Shores, Florida   33138
                    Telephone: (305) 757-3300
                    Facsimile:   (305) 757-0071

                    BY: _____s/_____
                         SCOTT ALAN ORTH
                         Fla Bar No.: 436313

Z:\ALTER\Sadkin 523 complaint 09 01 30.wpd