United States Bankruptcy Court
Southern District of Florida
Fort Lauderdale Division

In Re: Stephen Martin Sadkin,    Case No. 08-27057
        Debtor.
_____/

Yoshiko Stonecypher aka Kathy Lester
and Patricia A. Stonecypher
aka Patricia Markley

        Plaintiffs,    Adv. Case No._____
vs.

Stephen Martin Sadkin,

        Defendant.
_____/

### Complaint for declaration of non-dischargeability of debts

Plaintiffs sue the Defendant for damages and for a declaration of non-dischargeability of debts and say:

### VENUE AND JURISDICTION

1. Plaintiff, Yoshiko Stonecypher aka Kathy Lester, is a person over the age of 21 and is *sui juris*.

2. Plaintiff, Patricia A. Stonecypher aka Patricia Markley, is a person over the age of 21 and is *sui juris*.

3. This Court has jurisdiction over the parties and the subject matter of this action by virtue of the filing of a voluntary petition in bankruptcy by the Debtor.

4. Venue is proper in this Court.

5. Defendant was a member of a company named IRD Osprey, LLC that was created in connection with the Indian River Development in which the Debtor was a principal.

6. Defendant requested a loan from the Plaintiffs which took the form of a purchase of a parcel of real estate at the Indian River/Aquarina Development.

7. The parcel which was intended to be and which was represented to be deeded to Plaintiffs was the boat storage area.

8. Plaintiffs delivered the sum of $165,000 to Defendant or to others at his direction for his use and benefit.

9. Plaintiffs were provided with a Statutory Warranty Deed ("Deed") which was supposed to transfer the real property (boat storage area) (which was income generating) to the Plaintiffs with the understanding that the Developer would buy it back in the future.

10. Defendant signed the Deed to Plaintiffs. A copy of the Deed is attached hereto and incorporated herein for all purposes.

11. Defendant led Plaintiffs to believe that the advancement of this money was secured.

12. Defendant assured Plaintiffs through Frank Alter that the Deed was proper in all respects and that it was properly executed and performed such that Plaintiffs would receive the ownership interest in the real property.

13. This Deed was recorded.

14. The debtor or his affiliated company, made payments on the loan arrangement until late 2007, at which time the payments ceased.

15. At that time, Plaintiffs consulted with other counsel and discovered that the

Deed never transferred the title to *any property* to the Plaintiffs.

16. The "grantor" (IRD Osprey, LLC) never owned the parcel of property described in the Deed.

17. Plaintiffs are informed and believe that the parcel described in the Deed was not even the parcel intended to be transferred as it was intended that the "boat storage area" which was income generating, be transferred.

18. Plaintiffs are informed and believe that but for these errors in the Deed Plaintiffs would have recovered some or all of the principal of this debt or would have the ownership of valuable real property.

19. As the direct and proximate result of the actions and omissions of the Defendants, Plaintiffs have been damaged.

20. As the result of these conditions, Plaintiffs incurred additional attorneys fees in an attempt to mitigate their losses.

21. Plaintiffs made demand upon the Defendant to cure this situation, but he Defendant ignored the request.

22. Defendant knew or should have known that the Deed was ineffectual in transferring the title or any title to any real estate to the Plaintiffs.

23. Defendant defrauded the Plaintiffs.

24. As the direct and proximate result of this fraud by Defendant, Plaintiffs have lost their investment of $165,000, plus attorney fees incurred in attempts to mitigate the losses.

25. This debt should be declared non-dischargeable pursuant to 11 U.S.C. Section 523(a)(2)(A) and (a)(2)(B).

*Wherefore* Plaintiff, LKC Corporation demands an award of damages against the Defendant , an award of costs, a declaration that the debt is non-dischargeable and any other or further relief that may be justified in the circumstances.

I HEREBY CERTIFY that I am admitted to Bar of the United States District Court for the Southern District of Florida and that I am in compliance with the additional qualifications to practice in this court as set forth in Local Rule 2090(a).

    Dated this 9th day of February, 2009.

                  LAW OFFICES OF SCOTT ALAN ORTH, P.A.
                  9999 Northeast Second Avenue #204
                  Miami Shores, Florida   33138
                  Telephone: (305) 757-3300
                  Facsimile:   (305) 757-0071

                  BY: _____S/_____
                      SCOTT ALAN ORTH
                      Fla Bar No.: 436313

Z:\ALTER\STONECYPEN\Sadkin 523 complaint 09 01 30.wpd